■ NIBEL CORP., Appellant, v. PEARL OCENOFSKY et al., Respondents.— Order, Supreme Court, New York County, entered February 16, 1971, denying summary judgment, unanimously affirmed. Respondents shall recover of appellant $50 costs and disbursements of this appeal. Affirmance is not based upon the ground that the authority of the attorney to seek or consent to adjournments of the closing date specified in the contract had to be in writing. Here it is claimed that the attorney acted with no authority at all. The circumstances, namely, the unusually long period of the adjournments, the defendants' lack of familiarity with real estate transactions, and the respective interests of the parties in regard to whether they wished to go ahead with the sale or abandon it are sufficient to raise an issue as to whether the attorney was clothed with actual or apparent authority. Concur — Capozzoli, J. P., Murphy, Steuer and Eager, JJ.; Capozzoli, J. P. and Eager, J. each concur in a separate memorandum as follows: Capozzoli, J. P. While I do not dissent from the conclusion reached by Special Term, I do not concur with all the reasons given in its decision. No case is cited which holds that an adjournment of the closing of title, agreed upon by the attorneys for the contracting parties, must be supported by a written authority by the clients to their respective attorneys, in order to be effective. Defendants' attempt to defeat the plaintiff's cause of action on this ground, should not be allowed to succeed. Thousands of title closings are held each year in which the original closing date was mutually deferred by the attorneys acting for their clients without the need of a written authorization by the clients. No case has come to my attention where a party was allowed to escape his obligations under the contract on such a ground. In

discussing the effect of a stipulation between attorneys arranging for a new closing date, the court, in *Isse Realty Corp.* v. *Trona Realty Corp.* (24 A D 2d 1000, 1001) said: " The stipulation was at least *not invalid to the* extent that it arranged a new closing date ". (Italics supplied.) Defendants' reliance upon subdivision 2 of section 5–703 of the General Obligations Law, is misplaced. Even assuming without conceding that an adjournment of a closing may be a modification of a written agreement to sell real property, the Statute of Frauds is avoided by the doctrine of equitable estoppel (*Royce* v. *Rymkevitch,* 29 A D 2d 1029). At page 1030 of the last cited case, the court said: " An oral waiver of the time for performance under a contract for the sale of an interest in realty is good until withdrawn and the Statute of Frauds is avoided by the doctrine of equitable estoppel ". Eager, J. In concurring for an affirmance, I note that the time fixed for the closing of title was not agreed or considered to be of the essence and I agree with Special Term that, under all the circumstances, a triable issue arises as to whether or not the adjournments were for an unreasonable period of time. Further, consideration should also be given to the fact that the plaintiff eventually attempted to fix the time for closing on a holiday and there may be a question of whether or not the defendants were placed in default.